# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3000 | **DATE** | 10/2/2002 |
| **CASE TITLE** | GIGI KAMBEROS vs. INFINITI OF ORLAND PARK, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Status held and continued to 10/16/02 at 9:00 a.m. Enter Memorandum Opinion And Order. Infiniti and Piano's motion to dismiss count III is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 04 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | 13 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 OCT -3 PM 6:30 | date mailed notice | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GIGI KAMBEROS, | ) |
| | ) Case No. 02 C 3000 |
| Plaintiff, | ) |
| | ) Honorable John W. Darrah |
| v. | ) |
| | ) |
| INFINITI OF ORLAND PARK, INC.; | ) |
| CHARLES PIANO, individually; and | ) |
| FRANK MECCIA, individually, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Gigi Kamberos ("Plaintiff"), filed a four-count complaint against Defendants, Infiniti of Orland Park, Inc. ("Infiniti"), Charles Piano ("Piano"), and Frank Meccia ("Meccia"), alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, as well as state law claims for intentional infliction of emotional distress and assault and battery. Defendants Infiniti and Piano move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Count III for failure to state a claim upon which relief can be granted. For the reasons that follow, Infiniti and Piano's motion to dismiss is denied.

## LEGAL STANDARD

When considering a motion to dismiss, well-pleaded allegations in the complaint are accepted as true. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319 (7th Cir. 1997). Any ambiguities in the complaint are construed in favor of the plaintiff. *Kelly v. Crosfield Catalysts*, 135 F.3d 1202, 1205 (7th Cir. 1998). Dismissal is proper only when it appears beyond doubt that Plaintiff can prove no set of facts to support the allegations in his or her claim. *Strasburger v. Board of Education*, 143

F.3d 351, 359 (7th Cir. 1998).

"Although the Federal Rules of Civil Procedure do not require a plaintiff 'to set out in detail the facts upon which he bases his claim,'... he must 'set out sufficient factual matter to outline the elements of his cause of action or claim, proof of which is essential to his recovery.'" *Benson v. Cady*, 761 F.2d 335, 338 (7th Cir. 1985) (internal citation omitted). A complaint will not avoid dismissal if it contains "bare legal conclusions" absent facts outlining the basis of the claims. *Perkins v. Silverstein*, 939 F.2d 463, 467 (7th Cir. 1991).

## BACKGROUND

For purposes of this motion to dismiss, the following allegations are taken as true.

On or about August 2000, Plaintiff was hired as a sales consultant by Infiniti. The majority of Infiniti's sales consultants were male. In 2001, Plaintiff was certified as a Certified Infiniti Sales Consultant. In February 2001, she received recognition as a "Leader" in sales and customer care for scoring 93.5 or better in the Infiniti Purchase Index. She was also rated 97.4 on Infiniti Motor's Customer Service Report.

While she was employed at Infiniti, Plaintiff was subjected to offensive, threatening and derogatory behavior by her coworkers, including being called a "cunt", being told that she would be out of Infiniti by the weekend, and being told by the Used Cars Manager on numerous occasions that Plaintiff and "Broads don't belong in the car business". When Plaintiff complained to Piano, the owner of Infiniti, and her direct supervisor, Meccia, no action was taken to address the offensive, threatening and derogatory behavior. Piano and Meccia also demeaned and harassed Plaintiff by demanding that she answer the telephones and make the coffee despite the fact that these were not part of her duties as a sales consultant and interfered with her ability to perform her sales consultant

-2-

duties. Additionally, Plaintiff was also expected to perform the responsibilities of the dealership's porter, whose job it was to transport cars to other dealerships. None of the male sales consultants were required to perform these additional tasks. Plaintiff was also not allowed to determine pricing on automobiles although male sales consultants were allowed to do so.

Piano also commanded and authorized his subordinates to subject Plaintiff to psychologically abusive tirades in front of coworkers and customers and to abusive and contradictory commands and directives which were designed to have the effect of debilitating Plaintiff in her daily functioning at the dealership. Piano himself harassed Plaintiff in front of her coworkers and customers using profane language. This conduct caused Plaintiff to suffer severe emotional, psychological and physical trauma.

## DISCUSSION

Infiniti and Piano move to dismiss Count III, a claim for intentional infliction of emotional distress ("IIED"), arguing that the conduct alleged is not sufficiently extreme or outrageous to state a claim for IIED.

To state a claim for IIED under Illinois law, a plaintiff must plead that (1) the defendant's conduct is truly extreme and outrageous, (2) the defendant "either intend[s] that his conduct inflict severe emotional distress . . . or know that there is at least a high probability that his conduct will cause severe emotional distress", and (3) the defendant's conduct does in fact cause severe emotional distress. *Honaker v. Smith*, 256 F.3d 477, 490 (7th Cir. 2001). "[T]he tort does not extend to 'mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.'" *McGrath v. Fahey*, 126 Ill. 2d 78, 86 (1988) (quoting Restatement (Second) of Torts § 46, cmt. d (1965)). "[T]he conduct must go beyond all bounds of decency and be considered intolerable in a civilized

community." *Honaker*, 256 F.3d at 490.

> It is clear, for example, that the degree of power or authority which a defendant has over a plaintiff can impact upon whether that defendant's conduct is outrageous. The more control which a defendant has over the plaintiff, the more likely that defendant's conduct will be deemed outrageous, particularly when the alleged conduct involves either a veiled or explicit threat to exercise such authority or power to plaintiff's detriment.

*McGrath*, 126 Ill. 2d at 86-87. Additionally, behavior may be considered outrageous if the defendant knows that the plaintiff is peculiarly susceptible to emotional distress. *McGrath*, 1226 Ill. 2d at 89.

Count III alleges that: (1) Piano "engaged in extreme and outrageous conduct in subjecting Plaintiff to an overt, unbridled, and malicious course of conduct designed to psychologically and emotionally abuse Plaintiff"; (2) Piano "intended to cause Plaintiff emotional distress when he subjected Plaintiff to the effects of his severely disparaging, humiliating, and abusive treatment at the dealership"; (3) Piano "possessed the authority to set policy, goals, and objectives for Infiniti"; (4) Piano "intentionally inflicted, as well as commanded, and expressly authorized his subordinates . . . , to subject Plaintiff to psychologically abusive tirades in front of coworkers and customers, and to purposefully abusive and contradictory commands and directives which were designed to have the effect of debilitating Plaintiff in her day to day [sic] functioning at the dealership"; (5) Piano directed abusive and profane language at Plaintiff in front of her coworkers and customers; (6) Piano knew that Plaintiff would suffer severe emotional distress and severe physical injury due to his conduct; and (7) Plaintiff suffered and continues to suffer extreme emotional, physical and psychological distress as a result of Piano's conduct, including causing her to "question the most mundane and habitual aspects of her responsibilities" and "debilitating Plaintiff in her day to day functioning at the dealership." (Compl. ¶¶ 23-30.) Count III is also pled against Infiniti under a

theory of respondeat superior liability.

The allegations in the complaint adequately plead a claim of IIED. In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). The allegations in the complaint reasonably support the inference that Piano's conduct was extreme and outrageous. Here, Piano, Plaintiff's boss, directed abusive and profane language at Plaintiff and authorized his subordinates to do so as well. The complaint also alleges that one of Plaintiff's coworkers called Plaintiff a "cunt" and threatened her employment with Infiniti. These allegations reasonably plead by inference that Piano's "conduct [went] beyond all bounds of decency and [would] be considered intolerable in a civilized community." *Honaker*, 256 F.3d at 490. Furthermore, the complaint alleges that Piano knew or intended that his conduct would inflict severe emotional distress on Plaintiff. Moreover, the allegations in the complaint reasonably support the inference that Piano's conduct caused Plaintiff to suffer severe emotional, psychological and physical trauma. The complaint alleges that, among other things, Piano's conduct impaired her ability to function at work.

Finally, Piano and Infiniti's argument that "Plaintiff fails to meet the pleading requirements" for IIED under Illinois law because she has not pled sufficient facts is meritless. A complaint is only required to put the defendant on notice of the claims against him. *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989). A complaint will be dismissed only if it appears beyond doubt that Plaintiff can prove no set of facts to support the allegations in her claim. *Strasburger*, 143 F.3d at 359. Here, it does not appear that Plaintiff can prove no set of facts to support the allegations in her claim. The Court can imagine some set of facts in which Piano's and Plaintiff's coworkers' abusive and profane

language and conduct caused Plaintiff severe emotional distress that would establish her claim for IIED. Therefore, Infiniti and Piano's motion to dismiss is denied.

## CONCLUSION

For the reasons stated above, Infiniti and Piano's Motion to Dismiss Count III is denied.

**IT IS SO ORDERED.**

John W. Darrah, Judge
United States District Court

Date: October 2, 2002